United States Bankruptcy Court
Middle District of Pennsylvania

In re:
Robert Vincent Zielinski-Wright
Debtor

Case No. 18-02050-RNO
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-5 User: DGeorge Page 1 of 2 Date Rcvd: Jun 20, 2018
Form ID: pdf002 Total Noticed: 34

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 22, 2018.

db Robert Vincent Zielinski-Wright, 325 E South St, Wilkes Barre, PA 18702-5824
cr +ESSA Bank & Trust, 1065 Highway 315, Cross Creek Pointe, Wilkes-Barre, PA 18702-6941
5061697 +At T U-Verse, 208 S Akard St, Dallas, TX 75202-4206
5061698 Barclays Bank Delaware, PO Box 8803, Wilmington, DE 19899-8803
5061700 Comenity Capital Bank, PO Box 182273, Columbus, OH 43218-2273
5061701 +Credit First N A, 6275 Eastland Rd, Brook Park, OH 44142-1399
5071210 +ESSA Bank & Trust, c/o Attorney John Fisher, 126 South Main Street, Pittston, PA 18640-1739
5061704 Essa Bank & Trust, 200 Palmer St, Stroudsburg, PA 18360-1645
5061705 First Premier Bank, 3820 N Louise Ave, Sioux Falls, SD 57107-0145
5061706 #Jarvis Zielinski-Wright, 325 E South St, Wilkes Barre, PA 18702-5824
5071209 +John Fisher, Esquire, 126 South Main Street, Pittston, PA 18640-1741
5061695 Law Offices of Jason P Provinzano LLC, 16 W Northampton St, Wilkes Barre, PA 18701-1708
5061708 Lvnv Funding LLC, Greenville, SC 29602
5061710 Med Data Sys, 645 Walnut St, Gadsden, AL 35901-7102
5061714 PNC Bank, 249 5th Ave Ste 30, Pittsburgh, PA 15222-2707
5061717 #+Second Round Lp, 4150 Freidrich Ln Ste, Austin, TX 78744-1052
5061720 Wilkes Barre General Hospita, 575 N River St, Wilkes Barre, PA 18764-0999
5061694 Zielinski-Wright Robert Vincent, 325 E South St, Wilkes Barre, PA 18702-5824

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

5061696 E-mail/Text: EBNProcessing@afni.com Jun 20 2018 18:56:17 Afni, Inc., PO Box 3097, Bloomington, IL 61702-3097
5061699 E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 20 2018 18:57:45 Capital One, 15000 Capital One Dr, Richmond, VA 23238-1119
5061700 E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jun 20 2018 18:56:06 Comenity Capital Bank, PO Box 182273, Columbus, OH 43218-2273
5061702 E-mail/PDF: creditonebknotifications@resurgent.com Jun 20 2018 19:08:30 Credit One Bank N.A., PO Box 98873, Las Vegas, NV 89193-8873
5061703 E-mail/PDF: pa_dc_ed@navient.com Jun 20 2018 18:58:02 Dept of Ed/Navient, PO Box 9635, Wilkes Barre, PA 18773-9635
5061707 +E-mail/Text: bnckohlsnotices@becket-lee.com Jun 20 2018 18:55:56 Kohls/capone, N56 W 17000 Ridgewood Dr, Menomonee Falls, WI 53051-7096
5061709 E-mail/Text: camanagement@mtb.com Jun 20 2018 18:56:00 M&T Bank, 1 Fountain Plz Fl 4, Buffalo, NY 14203-1420
5061711 E-mail/Text: bankruptcydpt@mcmcg.com Jun 20 2018 18:56:14 Midland Funding, 2365 Northside Dr Ste 30, San Diego, CA 92108-2709
5061712 E-mail/PDF: pa_dc_claims@navient.com Jun 20 2018 19:08:30 Navient, PO Box 9655, Wilkes Barre, PA 18773-9655
5069428 E-mail/PDF: cbp@onemainfinancial.com Jun 20 2018 18:58:11 ONEMAIN, P.O. BOX 3251, EVANSVILLE, IN 47731-3251
5061713 E-mail/PDF: cbp@onemainfinancial.com Jun 20 2018 18:58:00 OneMain Financial, PO Box 3251, Evansville, IN 47731-3251
5062205 +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 20 2018 19:21:48 PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021
5061715 E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 20 2018 18:57:46 Portfolio Recov Assoc, 120 Corporate Blvd Ste 1, Norfolk, VA 23502-4952
5061716 E-mail/Text: bankruptcyteam@quickenloans.com Jun 20 2018 18:56:22 Quicken Loans, 1050 Woodward Ave, Detroit, MI 48226-1906
5073955 +E-mail/Text: bankruptcyteam@quickenloans.com Jun 20 2018 18:56:22 Quicken Loans Inc., 635 Woodward Avenue, Detroit, MI 48226-3408
5061718 +E-mail/PDF: gecsedi@recoverycorp.com Jun 20 2018 18:57:58 Syncb/lowes, PO Box 956005, Orlando, FL 32896-0001
5061719 E-mail/PDF: gecsedi@recoverycorp.com Jun 20 2018 18:57:59 Synchrony Bank, PO Box 965030, Orlando, FL 32896-5030

TOTAL: 17

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

cr* +PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021

TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 22, 2018 Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 20, 2018 at the address(es) listed below:

Charles J DeHart, III (Trustee) dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
James Warmbrodt on behalf of Creditor Quicken Loans Inc. bkgroup@kmllawgroup.com
Jason Paul Provinzano on behalf of Debtor 1 Robert Vincent Zielinski-Wright MyLawyer@JPPLaw.com, G17727@notify.cincompass.com
John Fisher on behalf of Creditor ESSA Bank & Trust johnvfisher@yahoo.com, fisherlawoffice@yahoo.com
United States Trustee ustpregion03.ha.ecf@usdoj.gov

TOTAL: 5

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| Robert Vincent Zielinski-Wright | CASE NO. 5:18-bk-02050 |
| | X ORIGINAL PLAN<br>___ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)<br>1 Number of Motions to Avoid Liens<br>___ Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | X Included | Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | X Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | X Included | Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

**A. Plan Payments From Future Income**

1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make

conduit payments through the Trustee as set forth below. The total base plan is $ 18,000.00 , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 06/2018 | 05/2023 | $300.00 | | $300.00 | $18,000.00 |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $18,000.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

( X ) Debtor is over median income. Debtor calculates that a minimum of $_______________ must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>**

1. The Debtor estimates that the liquidation value of this estate is $____________. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

_X_ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____________ from the sale of

property known and designated as ___________________ ____________________________. All sales shall be completed by ___________________, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: ___________________________________________________________.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _______________________________________________ _______________________________________________________________

**2. SECURED CLAIMS.**

**A. <u>Pre-Confirmation Distributions</u>.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

_X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Quicken Loans | 325 E. South Street, Wilkes-Barre, PA | 8721 |
| M&T Bank | 2011 Acura TL | 0001 |
| | | |

**C. <u>Arrears (Including, but not limited to, claims secured by Debtor's principal residence).</u>** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

_X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| M&T Bank | 2011 Acura TL | $306.00 | $0.00 | $306.00 |
| | | | | |
| | | | | |

**D. <u>Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)</u>**

_X_ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**E. <u>Secured claims for which a § 506 valuation is applicable</u>.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**F. <u>Surrender of Collateral</u>.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

**G. <u>Lien Avoidance</u>.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

___ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

_X_ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| | | |
|---|---|---|
| The name of the holder of the lien. | Onemain Financial of Pennsylvania, Inc | |
| A description of the lien. For a judicial lien, include court and docket number. | Luzerne County CCP Docket No: 2017-07163 | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | $3,070.82 | |
| The amount of lien avoided. | $3,070.82 | |

**3. PRIORITY CLAIMS.**

**A. Administrative Claims**

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

a. In addition to the retainer of $___0.00_______ already paid by the Debtor, the amount of $__4,000.00____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. $_____________ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

_X_ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

_X_ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

___ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |
| | |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

_X_ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

**4. UNSECURED CLAIMS**

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

_X_ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other,

unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** ***Check one of the following two lines.***

_X_ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

___ plan confirmation.
_X_ entry of discharge.
___ closing of case.

**7. DISCHARGE: (Check one)**

(x) The debtor will seek a discharge pursuant to § 1328(a).
( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: ____________________________________________

Level 2: ____________________________________________

Level 3: ____________________________________________

Level 4: ____________________________________________

Level 5: ____________________________________________

Level 6: ____________________________________________

Level 7: ____________________________________________

Level 8: ____________________________________________

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Student loans to be paid outside of Plan.

Dated: 05/15/2018

/s/ Jason P. Provinzano, Esquire
Attorney for Debtor

/s/ Robert Vincent Zielinski-Wright
Debtor

_______________________________________
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.